**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JULIE LYNCKER,

        Plaintiff,

vs.                                           Case No. 3:11-cv-414-J-32MCR

ANGELA COREY, in her official capacity as
STATE ATTORNEY FOR THE FOURTH JUDICIAL
CIRCUIT OF THE STATE OF FLORIDA,

        Defendant.

## ORDER

Plaintiff, Julie Lyncker, filed suit against defendant, Angela Corey, in her official capacity as State Attorney for the Fourth Judicial Circuit of the State of Florida, for alleged violations of Title VII and the Florida Civil Rights Act in retaliating against Lyncker for making a complaint against her supervisor for sexually discriminatory conduct. Lyncker also alleges a retaliation claim under the Family Medical Leave Act. This case is before the Court on Corey's Motion for Summary Judgment. (Doc. 30.) The Court has received briefing (Docs. 30, 31), has reviewed the record, and heard extensive oral argument on October 5, 2012, the record of which is incorporated by reference.

A grant of summary judgment is only proper "when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Webb-Edwards v. Orange Cnty. Sheriff's Office, 525 F.3d 1013, 1026 (11th Cir. 2008); Fed. R. Civ. P. 56(a), (c). It must be determined "whether the

evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986).  The Court "view[s] all facts and reasonable inferences in the light most favorable to the nonmoving party." Shuford v. Fidelity Nat'l Prop. & Cas. Ins. Co., 508 F.3d 1337, 1341 (11th Cir. 2007).

Corey concedes Lyncker has made a prima facie case under all three claims of retaliation – Title VII, FCRA,[1] and FMLA.  (Doc. 30 at 19, 25.)  Additionally, Lyncker concedes that Corey set forth a legitimate, nonretaliatory reason for Lyncker's termination. Thus, using the McDonnell Douglas burden-shifting framework,[2] the motion turns on whether the reason for termination was mere pretext.  While making no prediction as to whether Lyncker will ultimately prevail, taking the evidence in the light most favorable to Lyncker,

---

[1] Retaliation claims under FCRA are analyzed using the same framework as retaliation claims brought under Title VII. See Wilbur v. Corr. Servs. Corp., 393 F.3d 1192, 1195 n.1 (11th Cir. 2004) ("Florida courts have construed the [FCRA] in accordance with decisions of federal courts interpreting Title VII."); Harper v. Blockbuster Entm't Corp., 139 F.3d 1385, 1387 (11th Cir. 1998) ("The Florida courts have held that decisions construing Title VII are applicable when considering claims under the Florida Civil Rights Act, because the Florida act was patterned after Title VII.").  Therefore, Lyncker's Title VII and FCRA retaliation claims are examined jointly.

[2] Retaliation claims using circumstantial evidence are analyzed under the McDonnell Douglas burden-shifting framework. See Giles v. Masterbrand Cabinets, No. 3:06-cv-528-WKW, 2007 WL 2274412, at *3 (M.D. Ala. Aug. 3, 2007) ("An employee's FMLA retaliation claim, when challenged by a motion for summary judgment, is examined under the McDonnell Douglas burden shifting analysis if the employee does not have direct evidence of retaliation."); Swanson v. Civil Air Patrol, 37 F. Supp. 2d 1312, 1325 (M.D. Ala. 1998) (applying the McDonnell Douglas burden-shifting framework to a Title VII retaliation claim). Lyncker argues that the October 30, 2009 Termination Letter is direct evidence of retaliation. The Court need not determine whether the Termination Letter is indeed direct evidence or only circumstantial evidence because the outcome of the Motion for Summary Judgment is not affected.

there is a genuine issue of material fact on the pretext issue.

Accordingly, it is hereby

**ORDERED**:

1. Corey's Motion for Summary Judgment (Doc. 30) is **DENIED**.

2. As discussed at the hearing, the Court directs the parties to participate in mediation and to jointly file the name of the mediator selected by **November 1, 2012**. The Court orders mediation to occur no later than **January 15, 2013**.

3. The Court will separately issue an order setting pretrial and trial deadlines. Trial will be set for the April 2013 docket.

**DONE AND ORDERED** at Jacksonville, Florida this 10th day of October, 2012.

TIMOTHY J. CORRIGAN
United States District Judge

ktm
Copies:
counsel of record